UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER MILLER,

    Petitioner,

v.

KENNETH QUINN,

    Respondent.

Case No. C06-5694RJB

ORDER DENYING CERTIFICATE OF APPEALABILITY

This matter comes before the court on the petitioner's Notice of Appeal. Dkt. 20. The court must consider whether to grant or deny the petitioner a Certificate of Appealability. *See* 28 U.S.C. 2253(c)(3). The court has reviewed the record herein, including respondent's response (Dkt. 23) and petitioner's reply (Dkt. 24).

PROCEDURAL HISTORY

On April 19, 2007, U.S. Magistrate Judge J. Kelley Arnold issued a Report and Recommendation, concluding that petitioner's habeas claims were unexhausted and procedurally barred, and recommending that the petition should be dismissed with prejudice. Dkt. 16. On May

Order- 1

18, 2007, the court adopted the Report and Recommendation and dismissed the petition as unexhausted and procedurally barred. Dkt. 18. Petitioner has now appealed to the U.S. Court of Appeals for the Ninth Circuit. Dkt. 20.

### STANDARD FOR GRANTING A CERTIFICATE OF APPEALABILITY

The district court should grant an application for a Certificate of Appealability only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). To obtain a Certificate of Appealability under 28 U.S.C. § 2253(c), a habeas petitioner must make a showing that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 120 S.Ct. 1595, 1603-04 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). When the court denies a claim on procedural grounds, the petitioner must show that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 120 S.Ct. at 1604.

### DISCUSSION

This court dismissed the petition as unexhausted and procedurally barred. The case was therefore dismissed on procedural grounds. There is nothing in the record that would support a conclusion that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether this court was correct in its procedural ruling. Petitioner's habeas claims were unexhausted in state court; the claims would be procedurally barred if he attempted to exhaust them now. The Certificate of Appealability should be denied.

Order- 2

Accordingly, it is hereby **ORDERED** that a Certificate of Appealability is **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 2nd day of July, 2007.

Robert J. Bryan
United States District Judge

Order- 3